IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RITA MONTANO,

     Plaintiff,                  15cv0689

                               **ELECTRONICALLY FILED**

       v.

TRINITY AREA SCHOOL DISTRICT,

     Defendant.


## <u>MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (DOC. NOS. 6 and 9)</u>

### I.  Introduction

This case centers on actions allegedly taken by Trinity Area School District

("Defendant") against Plaintiff, Rita Montano ("Plaintiff"), which Plaintiff contends violated her

right to free speech as provided by the First Amendment to the United States Constitution and

violated the Equal Protection Clause of the Fourteenth Amendment.  Doc. No. 1.  Plaintiff seeks

compensatory and punitive damages, as well as injunctive relief.  Id.  Jurisdiction is premised on

28 U.S.C. §§ 1331 and 1343.  Id.

Defendant moves this Court to dismiss Plaintiff's Complaint in its entirety based upon

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Doc. No. 6.[1]

### II.  Statement of Facts

The following is the statement of this case, taken as true from Plaintiff's Complaint

solely for the purposes of this Memorandum Order:

---

[1] Defendant's Motion to Dismiss was originally filed at Doc. No. 6 and was re-filed at Doc. No. 9 to add an attorney signature.  Therefore, although the two documents are substantively the same, the Court will refer to both documents when referring to the pending Motion to Dismiss.  Doc. Nos. 6 and 9.

Plaintiff is the mother of four children who attend schools within the Trinity Area School District. Doc. No. 1, ¶¶ 5, 21. One of Plaintiff's children, a son, is a student at Trinity Elementary School. Id. at ¶ 5. Plaintiff is divorced from her son's father, who has remarried. Id. at ¶ 7. Plaintiff customarily attended her son's activities at the school and, for a time, her son's step-mother was also involved in the children's school activities. Id. at ¶¶ 6-7.

On May 27, 2014, Plaintiff complained to the school that her son's step-mother should not be permitted to enter the school or be involved in school activities because there was a Court Order to that effect. Id. at ¶ 8. Three days later, in retaliation for Plaintiff's complaints, Dr. Tully, an employee of Trinity Area School District accused Plaintiff of stealing and copying files. Id. at ¶¶ 9, 13. Although not set forth in the Complaint itself, it appears that Plaintiff was advised by the school's principal that she was not allowed to enter the school because she had photographed/taken a copy of the parent sign-in-sheet in the office without the principal's authorization. See Doc. No. 1-2 to 1-4. Plaintiff was informed that she was not permitted to volunteer for any school activities or enter the school, except to pick-up her children for doctor's appointments or other medical emergencies. Id. Plaintiff's exclusion was reported to the PTA and has been enforced, without any opportunity to address the ban. Id. at ¶¶ 11, 22. The ban has had a negative impact on Plaintiff's dealings with other parents and the wider community. Id. at ¶ 20. No other parent has been similarly barred from attending a child's activities. Id. at ¶ 14.

### III. Standard of Review

#### A. Rule of Civil Procedure 12(b)(1)

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.), quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden

of showing that its claims are properly before the district court." *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001) (Lancaster, J.). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302, quoting *Mortenson*, 549 F.2d at 891. In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

B. *Rule of Civil Procedure 12(b)(6)*

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

> *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## IV. Discussion

Plaintiff, in her Complaint, has alleged that Defendant is liable pursuant to 42 U.S.C. § 1983 for violating: (1) the Equal Protection Clause of the Fourteenth Amendment (Count I); and (2) her First Amendment right to free speech (Count II). Doc. No. 1. Section 1983 does not confer substantive rights or create jurisdiction, but rather jurisdiction arises under other statutes if there is a violation of a federal constitutional rights. This Court's jurisdiction to hear claims under the United States Constitution or federal laws is premised on 28 U.S.C. §§ 1331 and 1443. Defendant moves this Court to dismiss both claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. Nos. 6 and 9.

A claim under section 1983 requires that plaintiff assert: (1) the violation of a right secured under the United States Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Jurisdiction is a threshold issue and, as such, the Court will first address Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(1).

Defendant contends that subject matter jurisdiction is not appropriate in this forum because Plaintiff has failed to advance a substantial federal claim against Defendant and, as such, Plaintiff's claims must be dismissed. The exercise of jurisdiction is limited when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit[.]" *Hagans v. Lavine*, 415 U.S. 528, 536 (1974), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904).

Here, the key determination is whether Plaintiff's ban from participating in volunteer activities at the school violated her Constitutional rights.

Defendant relies on a 1999 case from the United States Court of Appeals for the Fourth Circuit and more recent cases from the United States District Courts for the Eastern District of North Carolina and the Northern District of Oklahoma for the proposition that District Courts do not have subject matter jurisdiction for claims brought by parents who were banned from school property who allege violations of constitutional rights. *Lovern v. Edwards*, 190 F.3d 648 (4th Cir. 1999); *Justice v. Farley*, No. 5:11-cv-99-BR, 2012 WL 83945 (E.D.N.C. Jan. 11, 2012) (dismissing a *pro se* Plaintiff's claims where the plaintiff failed to allege that he was treated differently than other parents (Equal Protection claim) and did not identify a violation of his right to freedom of speech where he was banned from school property unless written authorization was given); *Mayberry v. Independent Sch. Dist. No. 1 of Tulsa County, Okla.*, No. 08-cv-416-GKF-PJC, 2008 WL 5070703 (N.D. Okla. Nov. 21, 2008) (dismissing a mother's claims for violation of Constitutional rights where she was banned from school property for five weeks after she looked into a classroom to check on her friend's child).

After a review of Plaintiff's Complaint to determine if the minimal evidentiary jurisdiction threshold has been met, the Court finds that Plaintiff has not demonstrated that she has a cognizable claim for relief against Defendant because the actions that allegedly create liability do not rise to the level of a violation of any of Plaintiff's rights protected by the United States Constitution. Both Courts of Appeal and District Courts within the United States Court of Appeals for the Third Circuit have found that a school district does not violate the constitutional rights of a parent who is banned from school property. *See Cole v. Montague Board of Education*, 145 Fed.Appx. 760, 762-63 (3d. Cir. 2005)(Court upheld the District Court's

dismissal of a complaint by two parents where the plaintiffs alleged that their due process rights were violated when they were "'illegally banned'" from school property as the "contention plainly lacks merit"), citing *Lovern*, 190 F.3d 648; *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F.Supp.2d 439 (D.N.J. Jun. 25, 2007) (Judge dismissed Plaintiff's claim pursuant to 42 U.S.C. § 1983 for violation of his First Amendment right to free speech based on Plaintiff's complaints against coaching staff and the school's subsequent limited ban from the high school's property, recognizing that "school officials are well within constitutional bounds in limiting access to school property where it is necessary to maintain tranquility.").[2]

The Court agrees with the reasoning set forth in these opinions and echoes the sentiment that United States District Courts are improper venues to resolved disputes as to the daily operation of the nation's schools. *Cunningham*, 492 F.Supp.2d at 450, citing *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968) ("In the education context, courts - especially federal ones - are not the appropriate forum for resolving daily conflicts arising from the operation of school systems."). The public has a right to have its schools, which have substantial obligations to provide for the education, safety, and socialization of each community's children, run without the threat of litigation and outside interference in day-to-day decisions. In this case, Plaintiff's displeasure with the principal's decision to limit her access to school property because of her

---

[2] The Court recognizes that a school is able to restrict peaceful communication through reasonable measures when it interferes with "vital governmental facilities" and notes that Plaintiff has not alleged any restriction on her freedom of speech while at the school or any future restriction on her freedom of speech beyond the school's restriction on her physical presence on school property. *See Cunningham*, 492 F.Supp.2d at 448-49 ("The Constitution does not leave the government powerless to protect against disruptive conduct, even speech, in public places such as schools 'that require peace and quiet to carry out their functions'"), citing *Carey v. Brown*, 447 U.S. 455, 470-71 (1980).

expressed displeasure as to the involvement of her children's step-mother in school activities, does not establish federal jurisdiction.[3]

As the Court has found that there is no subject matter jurisdiction over Plaintiff's claims in this forum, Plaintiff's Complaint must be dismissed with prejudice.[4]   Defendant's further arguments in support of its Motion to Dismiss need not be addressed.

### V.  Conclusion/Order

AND NOW, this 26th day of August, 2015, IT IS HEREBY ORDERED THAT Defendant Trinity Area School District's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. Nos. 6 and 9) is **GRANTED**.  Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED AS MOOT**.

The Clerk of Court shall mark this **CASE CLOSED**.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:      All Registered ECF Counsel and Parties

---

[3] The Court's dismissal of Plaintiff's claims is not meant to diminish the emotional effect of the ban on Plaintiff and her children.  The Court encourages Plaintiff, Defendants, and other third-parties to attempt to resolve their dispute for the best interests of the children involved and without further involvement of the legal system.

[4] Given the state of the law on this matter, any amendment of the Complaint would be futile and thus, Defendant's Motion to Dismiss will be granted with prejudice.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").